Judge Owsley
delivered the opinion of the court.
In determining the present contest, this court deem it material barely to enquire, whether, after a tortuous taking of property, assumpsit can he maintained by the owner, upon a subsequent promise to pay.
According to the well settled doctrine of the English law, it is perfectly clear, that the ovvner may either bring trespass for the taking of his goods, or waive the tort in taking, and bring trover for the conversion, and if money has been received by the sale of the goods, an action for money had and received upon the implied promise to pay, may be maintained.
If, therefore,the tort may he waived and assumpsit maintained upon the implied promise resulting from the receipt of the money, no reason is pe rceived why, upon waiving the tort, assumpsit may not, before a conversion of the goods into money, be maintained upon an express promise to pay. In the latter case, the defendant, as he has expressly undertaken to pay for the goods, is less liable to surprise on the trial, than he would be in the former case, where his undertaking can only be implied by operation of law^ and in either case a recovery would he an effectual *84 bar to any other action, whether trespass or trover, brought for the same goods.
Bibb for plaintiffs in error, Wickliffe and Hardin for defendants,
The judgment of the court below, therefore, as it was hypothecated on the supposition, that such an action could not be sustained, must be reversed with costs, the cause remanded., and further proceedings had not inconsistent with this opinion.